UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                        Plaintiff,                          COMPLAINT

    -against-

                                                                Index No.

THE UNITED STATES POST OFFICE and THE UNITED
STATES POST OFFICE BRANCH AT JOHN F.
KENNEDY INTERNATIONAL AIRPORT

                     Defendants,
_____X

## NATURE OF THE ACTION

1.    This is an action for injunctive and declaratory relief, pursuant to 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 39 U.S.C.A. § 403 (b)(3) and 39 U.S.C. §401 (1) (3) and (5).

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. § 1339 and 28 U.S.C. § 1361.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) (1) and (2).

5.    This Court has supplemented jurisdiction over New York State claims pursuant to 28 U.S.C. § 1367.

## THE PARTIES

6.    The Port Authority of New Yor and New Jersey (the "Port Authority") is a bi-state agency created by compact between the States of New York and New Jersey with the approval of the United States Congress having its address and principal place of business at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007.

7.    The United States Post Office ("U.S. Post Office") is a governmental agency created by Congress under Title 39 of the United States Code for the operation of mail services throughout the United States,

and has its office and principal place of business at 475 L'Enfant Plaza SW, Washington, D.C. 20260-0004.

8. The United States Post Office Branch ("U. S. Post Office Branch") at John F. Kennedy International Airport ("JFK") maintains its operations at premises at 250 N. Boundary Road, JFK Airport, Jamaica, New York, and is under the management and control of defendant the U.S. Post Office.

## FACTS

9. The Port Authority leases the property known as JFK Airport from the City of New York.

10. The Port Authority operates JFK Airport, and leases premises located at the airport to entities providing services related to airport operations.

11. The U.S. Post Office is authorized under 39 U.S.C. § 403 (b) "to establish and maintain postal facilities of such character and in such locations, that postal patrons … will have ready access to essential postal services."

12. The U. S .Post Office is authorized under 39 U.S.C.A. § 401 (5) "to acquire in any lawful manner, such personal or real property, or any interest therein, as it deems necessary or convenient in the transaction of its business, to hold, maintain, sell, lease, or otherwise dispose of such property or any interest therein; and to provide services in connection therewith and charges therefor."

13. On July 1, 2008, the Port Authority entered into a lease AYD811 with the U. S .Post Office for the building located at 250 N. Boundary Road for a term to expire on June 30, 2018 ("the Lease") to operate the U.S. Post Office Branch at JFK Airport (a copy of the Lease is annexed hereto as Exhibit "A").

14. Under paragraph 12 of the Lease, the U. S .Post Office as Lessee agreed to "indemnify and hold harmless the Port Authority's Commissioners, officers, employees and representatives, from and against (and shall reimburse the Port Authority for the Port Authority's costs and expenses including legal expenses incurred in connection with the defense of) all claims and demands of third persons including … claims … for ... personal injuries … arising out of the acts or omissions of the Lessee, its officers and employees, guests, invitees and business visitors on the premises … including claims and demands of the

2

City of New York … for indemnification arising by operation of law or through agreement with the Port Authority.

15. Under Section 49 of the Lease, the U. S. Post Office agreed to maintain a "Commercial General Liability Insurance Policy" naming itself as the insured and the Port Authority as an additional insured in the amount of $25,000,000.00.

16. On November 7, 2007, the U .S. Post Office sent the Port Authority a letter certifying that it was self-insured, and that it would be liable for the negligent acts and omissions of its employees (a copy of this letter is annexed hereto as Exhibit B).

17. On July 9, 2018, the U .S. Post Office. extended the Lease through to June 30, 2023 with no amendments or changes (a copy of this Lease Extension is annexed hereto as Exhibit C).

18. On July 27, 2021, the Port Authority was served with a Notice of Claim by the law firm of Elefterakis Elefterakis and Panek, 80 Pine Street, New York, NY 10005 on behalf of claimant, Ryan Roland, alleging that Ryan Roland suffered personal injuries while doing demolition/construction work at the U. S. Post Office Branch at 250 N. Boundary Road at JFK Airport on April 28, 2021 (a copy of the Notice of Claims annexed hereto as Exhibit D).

19. On February 2, 2022, plaintiff, Ryan Roland, commenced a personal injury action in Supreme Court, Queens County, Index No. 702008/2022 against the City of New York and The Port Authority for injuries suffered on April 28, 2021 while doing construction at the U.S. Post Office Branch at JFK Airport (a copy of the Summons and Complaint is annexed hereto as Exhibit E.)

20. On February 28, 2022, the Port Authority sent a letter to the U. S .Post Office with a copy of the Notice of Claim and Summons and Complaint demanding that the U.S. Post Office, pursuant to its Lease obligation to maintain an insurance policy for the Port Authority, provide indemnification and defense for the claims made by plaintiff in the case of *Ryan Roland v. The Port Authority*, Supreme Court, Queens County, Index No. 702008/2022 (a copy of the letter of February 28, 2022 is annexed hereto as Exhibit F.)

21. The Port Authority in its letter of February 28, 2022, demanded that pursuant to the Lease provision for indemnification, the U. S. Post Office provide indemnification and defense for the claim brought by plaintiff in the case entitled *Ryan Roland v. The Port Authority, et al.*, Supreme Court, Queens County, Index No. 702008/2022.

22. The U.S. Post Office has not responded to the demand letter of February 28, 2022 and failed and refused to provide the Port Authority and its indemnitee, the City of New York, with the defense and indemnification as required under the Lease.

23. The U.S. Post Office Branch at 250 N. Boundary Road, JFK Airport, Jamaica, Queens has failed and refused to provide the Port Authority with defense and indemnification under the Lease.

24. Upon information and belief, the construction project in which plaintiff, Ryan Roland, alleges he was injured was under the sole management, direction and control of the U.S. Post Office Branch at 250 N. Boundary Road at JFK Airport.

25. Upon information and belief, the construction projects in which the plaintiff, Ryan Roland, alleges he was injured was under the sole management, direction and control of the U.S. Post Office.

26. The Port Authority had no management, control or participation in the construction project at the U.S. Post Office Branch at JFK Airport where plaintiff, Ryan Roland, alleges he was injured in the action entitled *Ryan Roland v. The Port Authority, et al.*, Queens County, Index No. 702008/2022.

27. On May 9, 2022, the City of New York has served the Port Authority with a demand for indemnification and defense in the action brought by Ryan Roland under Index No. 702008/2022 pursuant to the City's Lease with the Port Authority.

28. The Port Authority is being compelled to defend itself and the City of New York against claims by a plaintiff, Ryan Roland, for personal injuries arising from construction activities over which it has no knowledge or control, because of the U.S. Post Office and the U.S. Post Office Branch have failed to comply with their obligations under the Lease to defendants and indemnify the Port Authority and its indemnitee, the City of New York.

## FIRST CAUSE OF ACTION
### (Contractual Indemnification)

29. The Port Authority repeats and realleges paragraphs "1" through "28" hereof as if more fully set forth herein.

30. Defendants, the U. S. Post Office and the U. S .Post Office Branch owe the Port Authority and its indemnitee, the City of New York, indemnification for the personal injury claims brought by Ryan Roland under the express terms of the Lease between the U.S. Post Office and the Port Authority.

31. Without admitting any liability as to the claims asserted by plaintiff, Ryan Roland, upon information and belief, defendants engaged in construction work at the U. S. Post Office Branch and failed to provide the proper safety equipment to Ryan Roland on April 28, 2021.

32. Without admitting any liability as to the claims asserted by plaintiff, Ryan Roland, upon information and belief, defendants engaged in construction work at the U. S .Post Office Branch at JFK and failed to issue the proper notices to Ryan Roland.

33. Without admitting any liability as to the claims asserted by plaintiff, Ryan Roland, upon information and belief, defendants engaged in construction work at the U.S. Post Office Branch at JFK and failed to properly supervise that work with respect to Ryan Roland on April 28, 2021.

34. Without admitting any liability as to claims asserted by plaintiff, Ryan Roland, upon information and belief, the defendants failed to provide adequate safety measures and supervision at the work site for Ryan Roland on April 28, 2021.

35. Without admitting any liability as to claims asserted by plaintiff, Ryan Roland, to the extent Ryan Roland suffered any injuries due to negligence, it was due to the negligence by defendants and not from the negligence of the Port Authority, or its indemnitee, the City of New York.

36. Without admitting liability as to the claims asserted by plaintiff, Ryan Roland, if and to the extent the Port Authority is adjudged wholly or partially liable to Ryan Roland, the Port Authority and its indemnitee, the City of New York, are entitled to indemnification and defense from the defendants, the U.S. Post Office and the U.S. Post Office Branch at JFK.

## SECOND CAUSE OF ACTION
### (Common Law Indemnification And Contribution)

37. The Port Authority repeats and realleges paragraphs "1" through "36" hereof as if more fully set forth herein.

38. Without admitting liability as to the claims asserted by Ryan Roland in the action pending in Queens Supreme Court under Index No. 702008/2022, if and to the extent that the Port Authority and its indemnitee, the City of New York, are adjudged wholly or partially liable to Ryan Roland for his injuries, the Port Authority will be damaged thereby and will be entitled to a contribution and indemnification from and judgment over and against defendants.

## THIRD CAUSE OF ACTION
### (Injunctive Relief)

39. The Port Authority repeats and realleges paragraphs "1" through "38" hereof as if more fully set forth herein.

40. The Port Authority has a clear right under the Lease to compel the U.S. Post Office and the U.S. Post Office Branch at JFK to provide defense and indemnification for it and its indemnitee, the City of New York, in the matter of *Ryan Roland v. The Port Authority*, Index No. 702008/2022, Supreme Court, Queens County.

41. The Port Authority has no knowledge of the circumstances under which Ryan Roland was allegedly injured at the premises leased to the U.S. Post Office Branch at JFK, and the Port Authority will be irreparably harmed if it has to defend against a legal action, where the underlying facts are within the exclusive knowledge of defendants.

42. The Port Authority had no knowledge, control or participation in the construction at the U.S. Post Office Branch at JFK for which plaintiff, Ryan Roland, seeks to impose liability on the Port Authority and its indemnitee, the City of New York, under *inter alia* N.Y. Labor Law § 240, and the Port Authority will be irreparably harmed if this liability is imposed on it due to the U.S. Post Office's and the U.S. Post Office Branch's refusal to defend and indemnity the Port Authority as required under the Lease.

43. The equities favor the Port Authority, since it has no responsibility for the activities which led to the alleged accident involving Ryan Roland and the defendants have responsibility, in whole or in part, for those activities.

44. By reason of the aforegoing, the Port Authority is entitled to injunctive relief, compelling the defendants to defend and indemnify the Port Authority and the City of New York, as its indemnitee, in the civil action brought by Ryan Roland in Queens Supreme Court, Index No. 702008/2022.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

45. The Port Authority repeats and realleges paragraphs "1" through "44" hereof as if more fully set forth herein.

46. Defendants have failed and refused to defend and/or indemnify the Port Authority and its indemnitee, the City of New York, for the personal injury claims asserted by Ryan Roland against the Port Authority and its indemnitee, the City of New York, in an action filed under Index No. 702008/2022 in Supreme Court, Queens County, despite having been timely demanded to do so in writing by the Port Authority.

47. Defendants have failed to obtain insurance naming the Port Authority as an additional insured as required under paragraph 49 of the Lease, thereby subjecting the Port Authority to the cost of its defense against the claims asserted by Ryan Roland in an action pending in Supreme Court, Queens County under Index No. 702008/2022, and subjecting the Port Authority to the risk of damages in an amount as yet to be determined.

48. Defendants' actions and omissions have breached the Lease agreement between the Port Authority and the U. S. Post Office.

49. Defendants have engaged in willful conduct which has caused the Lease agreement between the Port Authority and the U.S. Post Office to be breached.

50. By reason of the aforegoing, the Port Authority has been damaged in an amount yet to be determined.

Wherefore, Plaintiff, The Port Authority, demands judgment as follows:

A) On the First Cause of Action, declaratory judgment that the defendants, each or all, owe the Port Authority, and its indemnitee, The City of New York, contractual defense and indemnification under the Lease in the matter of *Ryan Roland v. The Port Authority, et al.*, Index No. 702008/2022, Supreme Court, Queens County;

B) On the Second Cause of Action, a declaratory judgment that the defendants ,each or all,owe the Port Authority and its indemnitee, The City of New York, common law indemnification and defense in the matter of *Ryan Roland v. The Port Authority, et al.*, Index No. 702008/2022, Supreme Court, Queens County;

C) On the Third Cause of Action, an injunction compelling defendants, each or all, to defend and indemnify the Port Authority and its indemnitee, The City of New York, in the matter of *Ryan Roland v. The Port Authority, et al.*, Index No. 702008/2022, Supreme Court, Queens County.

D) On the Fourth Cause of Action, a declaration that the defendants, the U.S. Post Office and the U.S. Post Office Branch has breached its Lease Agreement with the Port Authority and is liable to it for damages in an amount to be determined.

>The Port Authority Law Department
>Attorney for The Port Authority of New York
>and New Jersey
>4 World Trade Center
>150 Greenwich Street
>New York, New York 1007
>
>By_____/S/_____
>        Kathleen Gill Miller
>        (212) 435-3434

Dated: New York, New York
       October 26, 2022

To: United States Post Office
475 L'Enfant Plaza SW
Washington, D.C. 20260

United States Post Office Branch
At JFK Airport
250 N. Boundary Road
Jamaica, NY 11430-1823