UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
THE PORT AUTHORITY OF NEW YORK  :
AND NEW JERSEY,                 :      **MEMORANDUM DECISION AND**
                                :      **ORDER**
                 Plaintiff,     :
                                :      22-cv-6513 (BMC)
         - against -            :
                                :
THE UNITED STATES POSTAL SERVICE, :
*et ano.*,                      :
                                :
                 Defendants.    :
                                :
---------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff seeks indemnification from the United States Postal Service and one of its branches for an underlying personal injury suit pending against it. The only issue before me is whether the case should be dismissed for lack of subject matter jurisdiction instead of being transferred to the United States Federal Court of Claims where, if anywhere, it belongs. The USPS claims that the case must be dismissed, not transferred, because plaintiff's administrative notice of claim does not satisfy the jurisdictional prerequisite of administrative exhaustion. But because the adequacy of plaintiff's notice of claim is non-jurisdictional, the proper remedy is transfer, not dismissal.

## BACKGROUND

Defendant United States Postal Service leased some space at JFK Airport from plaintiff Port Authority of New York and New Jersey, which owns and runs the airport. A construction worker at the airport, Ryan Roland, sustained an injury on his job, apparently in or near the space leased by the USPS. Roland sued the Port Authority and the City of New York in state court for

negligence.  See Ryan v. Port Authority, No. 702008/2022 (Sup. Co. Queens Cnty.).  The case is still pending.

Because the lease had an indemnification clause running from the USPS to the Port Authority, the Port Authority has attempted, so far unsuccessfully, to obtain indemnification from the USPS.  The indemnification clause states:

> The Lessee shall indemnify and hold harmless the Port Authority . . . from and against (and shall reimburse the Port Authority for the Port Authority's costs and expenses including legal expenses incurred in connection with the defense of) all claims and demands of third persons, including but not limited to claims for personal injuries . . . arising out of . . . the use or occupancy of the premises by the Lessee. . . .

After Roland commenced suit, the Port Authority sent a demand for indemnification pursuant to this provision to the contracting officer for the USPS.  The demand included: (1) a copy of Roland's notice of claim filed against the Port Authority, in which Roland demanded $20 million; and (2) a copy of Roland's summons and complaint against the Port Authority.

The USPS did not respond to this demand, and after eight months passed, the Port Authority commenced this action.  Its complaint asserts four claims for relief: (1) "Contractual Indemnification"; (2) "Common Law Indemnification and Contribution"; (3) "Injunctive Relief"; and (4) "Breach of Contract."  The complaint does not seek any particular amount of money damages, but only declaratory and injunctive relief to the effect that the USPS must defend and indemnify the Port Authority in Roland due to its breach of the indemnification provision, and also declaring that the USPS is liable on the breach of contract claim "in an amount to be determined."

2

## DISCUSSION

I.      **Exhaustion as a Bar to Jurisdiction**

The USPS has moved to dismiss the claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). It argues that claims sounding in contract against the USPS must be brought in the United States Court of Federal Claims, and that the proper remedy for the Port Authority's wrong choice of forum is dismissal without prejudice to recommencement in the appropriate court. The Port Authority's claims, the USPS asserts, are subject to the Contract Disputes Act, 41 U.S.C. § 7101 *et seq*.

In response to the motion, the Port Authority acknowledges that when it brought this action, it was "unaware" of the Second Circuit's decision in Cohen v. Postal Holdings, 873 F.3d 394 (2d Cir. 2017), which makes it clear that this case could only be brought in the Court of Claims. It thus concedes that the case cannot remain in this Court.[1] Instead, the Port Authority requests transfer of the case to the Court of Claims under 28 U.S.C. § 1631 as an alternative to dismissal. That statute provides:

> Whenever a civil action is filed in a [federal] court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631.

The USPS responds that the case cannot be transferred to the Court of Claims under § 1631 because the Port Authority could not have commenced it there. This is because the Port

---

[1] It is strange that the Port Authority missed this issue, considering that the Port Authority lost essentially the same issue when it tried to implead the United States in a personal injury action. See Insardi v. Port Authority of New York, No. 14-cv-4206, 2016 WL 4579080, at *2-3 (E.D.N.Y. Sept. 1, 2016).

3

Authority has failed to adequately exhaust its claim administratively, and thus the Court of Claims also would lack subject matter jurisdiction. The exhaustion failure, according to the USPS, arises because there is no demand for a "sum certain" in the demand letter sent to the USPS contracting officer, see Securiforce Int'l America, LLC v. United States, 879 F.3d 1354, 1359 (Fed. Cir. 2018), and the mere enclosure of Roland's notice of claim for $20 million against the City of New York and the Port Authority is not a statement of a sum certain that the *Port Authority* is seeking to recover from the USPS.

The USPS refers to several Federal Circuit Court of Appeals cases in which that Court has referred to the CDA's exhaustion requirement as "jurisdictional." See e.g., M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327-28 (Fed. Cir. 2010). In particular, the USPS relies on the discussion in Securiforce, 879 F.3d at 1359-60: "We have explained that for monetary claims, the absence of a sum certain is fatal to jurisdiction under the CDA." (citations and internal quotation marks omitted; emphasis in original); see also Northrop Grumman Computing Sys., Inc. v. United States, 709 F.3d 1107, 1110-12 (Fed. Cir. 2013).

None of the cases in which the Federal Circuit has referred to exhaustion under the CDA as "jurisdictional" have considered or even mentioned the more nuanced assessment of when preconditions to suit, including exhaustion, or elements of a claim go to the jurisdiction of the court. In a line of cases beginning with Arbaugh v. Y&H Corp., 546 U.S. 500 (2006), and continuing to Moac Mall Holdings LLC v. Transform Holdco LLC, 143 S. Ct. 927 (2023), just a few weeks ago, the Supreme Court has required the application of what it has called the "clear statement rule" before a precondition to suit can be found jurisdictional. That is, the precondition will be found jurisdictional only if the statute clearly reflects that it is jurisdictional; the mere existence of a precondition does not determine that issue. And if the statute does not

4

clearly define the precondition as going to the jurisdiction of the court, it will be classified as a "claims-processing rule" that does not deprive the court of jurisdiction. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015). Moac Mall explained the distinction this way:

> Congressional statutes are replete with directions to litigants that serve as preconditions to relief. Filing deadlines are classic examples. So are preconditions to suit, like exhaustion requirements. So, too, are statutory limitations on coverage, or on a statute's scope, such as the elements of a plaintiff's claim for relief. Congress can, if it chooses, make compliance with such rules important and mandatory. But knowing that much does not, in itself, make such rules jurisdictional. . . .
>
> In view of these consequences and our past sometimes-loose use of the word "jurisdiction," we have endeavored to bring some discipline to this area. We have clarified that jurisdictional rules pertain to the power of the court rather than to the rights or obligations of the parties. And we only treat a provision as jurisdictional if Congress "clearly states" as much.

Id. at 935-36 (cleaned up). Indeed, even before Arbaugh, the Supreme Court had warned against reflexively conflating preconditions to suit with a court's jurisdiction. In language that applies equally to the Federal Circuit decisions on which the USPS relies here, the Court stated: "We have often said that drive-by jurisdictional rulings of this sort . . . have no precedential effect." Steel Co. v. Citizens for a Better Environment, 118 S. Ct. 1003, 1011 (1998).

Applying the "clear statement rule" to the exhaustion requirement in the CDA is much easier than most statutes that implicate similar issues. The grant of authority to bring cases in the Court of Claims is not even in the CDA. It is in the Judicial Code, and it includes cases beyond the CDA over which the Court of Claims also has jurisdiction. That grant of jurisdiction is unconditional:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

5

28 U.S.C. § 1491(a)(1).

Moreover, there is nothing in the CDA that purports to narrow this broad jurisdictional grant. To the contrary, the statute mentions the "jurisdiction" of the Court of Claims only once, and that is to make it clear that a defectively certified administrative claim does *not* limit jurisdiction. "A defect in the certification of a claim does not deprive a court or an agency board of jurisdiction over the claim." 41 U.S.C. § 7103(b)(3).

The exhaustion requirement in the CDA is not phrased in jurisdictional language. It first sets forth the timing and requirements for submission of a claim. 41 U.S.C. § 7103. It then grants the claimant an option of either appealing an adverse decision on the claim administratively, or proceeding directly to the Court of Claims. Id. at § 7104. It could not be clearer that the exhaustion requirement in the CDA is a claims processing rule, not a restriction on the Court of Claims' jurisdiction.[2]

The effect of this is that the Court of Claims does have jurisdiction over this case – save for one more argument by the USPS addressed below – and it can be transferred under 28 U.S.C. § 1631. Whether or not the Port Authority can incorporate Roland's $20 million notice of claim to the City and the Port Authority to validate its own claim is something that the Court of Claims will determine.

**II. Remedies**

The USPS next argues that the Court of Claims has no jurisdiction over at least part of the Port Authority's claims because that court has "no general power to provide equitable relief

---

[2] The Sixth Circuit has held that the sum certain requirement under the Federal Tort Claims Act is a non-jurisdictional claims-processing rule. See Copen v. United States, 3 F.4th 875, 882 (6th Cir. 2021). It noted that the Third Circuit and Eighth Circuit have held to the contrary in post-Arbaugh decisions. Id. at 880-81. In any event, the structure of the exhaustion requirement in the FTCA is entirely different than that in the CDA.

against the Government and its Officers." See United States v. Tohono O'Odham Nation, 563 U.S. 307, 313 (2011). Nor, according to the USPS, can the Court of Claims issue declaratory relief. However, the unavailability of a particular remedy plainly goes to whether the Port Authority has stated a claim for relief. It does not affect the Court of Claims' jurisdiction. And in any event, the USPS does not contend that the relief sought in the Breach of Contract Claim is unavailable.[3]

### III.  Transfer

Just because the Court of Claims would have jurisdiction over this case does not mandate transfer. The statute provides that transfer rather than dismissal should only be made if it would be "in the interest of justice." Here, however, there seems little question about that. Transfer is generally preferable to requiring a party to start over again to get to the same place it would get to by reinitiating an action instead of transferring it.

### CONCLUSION

Defendants' motion to dismiss for lack of subject matter jurisdiction is denied, but the Clerk is directed to transfer this case to the United States Court of Federal Claims in the interests of justice pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       May 7, 2023

---

[3] The USPS also contends that the Port Authority's claim is not ripe for adjudication. The cases it cites bare not a remote resemblance to the facts and legal issue here. The Port Authority has been sued and because the USPS has not accepted indemnification, it is incurring expenses and faces a judgment. That is enough of a case or controversy.